UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NORMA JEAN SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:04-CV-674 CAS |
| ) | |
| DIRECTORY DISTRIBUTING ) | |
| ASSOCIATES, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant Directory Distributing Associates's motion for summary judgment. Plaintiff filed a memorandum in opposition. Defendant filed a reply. For the following reasons, the Court will grant defendant's motion.

**I. Background**

Plaintiff filed this action against her former employer Directory Distributing Associates ("Directory Distributing") for race and age discrimination in violation of Title VII, 42 U.S.C. § 2000e, et seq., the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"), and the Missouri Human Rights Act, Mo. Rev. St. § 213.010, et seq. ("MHRA"). The Court granted defendant's motion to dismiss and dismissed plaintiff's claims of a pattern and practice of racial discrimination in working conditions, termination, and compensation. The Court also dismissed plaintiff's prayer for compensatory damages regarding emotional distress, physical pain, mental anguish, embarrassment, and humiliation under the ADEA. Defendant has now filed a motion for summary judgment asserting that plaintiff cannot establish a genuine issue of material fact with respect to her age and race discrimination claims and that plaintiff's claims under the MHRA are barred.

## II. Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c).

Once the moving party has met its burden, the non-moving party may not rest on the allegations of her pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Anderson, 477 U.S. at 257; City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc., 838 F.2d 268, 273-74 (8th Cir. 1988). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## III. Discussion

### A. Facts

The Court finds the following facts to be true for purposes of summary judgment. Directory Distributing distributes phone books to customers throughout the United States and Canada.

Directory Distributing is based in St. Louis and contracts with several phone companies to deliver phone books. Plaintiff Norma Simmons was an Advertising Coordinator for Directory Distributing. Simmons has worked for Directory Distributing since January 10, 2000. Simmons's immediate supervisor, the General Office Manager, Cathy Ward, age 50. On June 1, 2003, Ward was promoted to Division Manager. Nick Drury, age 44, solicited applications for the vacant General Office Manager position via company e-mail. In response, Drury received three applications. The three applicants were Simmons, a black female age 42, a white male age unknown, and a white female age 36, who worked for Directory Distributing's San Antonio, Texas office. Drury spoke with Ward about Simmons's qualifications to be General Office Manager. Ward told Drury that she did not think Simmons met the qualifications for the position. After considering the three applicants and speaking with Ward, Drury decided not to fill the position at that time. Instead, Drury decided to supervise the General Office department in addition to his regular duties.

During Drury's supervision of the General Office staff, the employees within the department worked on their own and handled the majority of the daily responsibilities themselves. In December 2003, Directory Distributing's Executive Vice-President Jim Fowler directed Drury to reconsider his prior decision not to fill the General Office Manager position. Drury agreed that he needed to fill the position and re-reviewed the applications of the three previous applicants from June. Drury decided to consider Amanda Chitwood, another employee within the General Office department. Chitwood had not applied for the position. Chitwood is a white female who is younger than 40 years of age After considering Chitwood, Drury decided to appoint her to the General Office Manager position.

Drury asserts that he did not promote Simmons because she was not qualified for the position. Drury states the reasons Simmons was not qualified because she (1) complained any time she was asked to perform a task beyond her regular job duties; (2) exhibited poor decision making in the past

by spending excessive amounts of time using the computer at work for non-work related reasons; (3) ignored her obligation to keep department and delivery information confidential by discussing it with others outside the department; and (4) exhibited an abrasive tone when communicating with the company's field managers.

Plaintiff filed an Administrative Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 20, 2004, alleging Directory Distributing failed to promote her because of her race and age. Plaintiff also filed her EEOC charge with the Missouri Commission on Human Rights ("MCHR"). On April 20, 2004, the EEOC issued plaintiff a dismissal and Notice of Rights letter. On July 29, 2004, the MCHR notified plaintiff that before she could bring a suit under the MHRA, she must request in writing a Notice of Right to Sue from the MCHR within twenty days of July 29, 2004. On August 20, 2004, the MCHR issued plaintiff a letter informing her that her case before the MCHR was administratively closed based on the EEOC processing.

**B. ADEA Claims**

To establish a prima facie case on a failure to promote claim under the ADEA, a plaintiff must show that (1) she is a member of a protected group; (2) she applied for and was denied a position for which she was qualified; (3) despite her qualifications, she was rejected; and (4) the position was given to a person of similar qualifications who was not a member of the protected group at the time plaintiff's request for promotion was denied. See Lyoch v. Anheuser-Busch Cos., Inc., 139 F.3d 612, 614 (8th Cir. 1998).

Once the prima facie case is established, it raises a legal presumption of discrimination in the plaintiff's favor, requiring the defendant to produce legitimate, nondiscriminatory reasons for its actions. If the defendant comes forward with legitimate, nondiscriminatory reasons, the presumption

drops out of the picture. The burden then shifts back to the plaintiff to present evidence that (1) creates a fact issue as to whether the employer's proffered reasons are pretextual, and (2) creates a reasonable inference that age was a determinative factor in the adverse employment decision. Montgomery v. John Deere & Co., 169 F.3d 556, 559 (8th Cir. 1999).

In this case, Directory Distributing asserts that Simmons has failed to make a prima facie case of age discrimination. Specifically, Directory Distributing states that plaintiff cannot show that she was qualified for the position or that a similarly qualified person outside the protected age group was promoted instead of her. Directory Distributing asserts that plaintiff complained anytime she was asked to perform a task beyond her regular job duties; exhibited poor decision making in the past by spending excessive amounts of time using the computer at work for non-work related reasons; ignored her obligation to keep department and delivery information confidential by discussing it with others outside the department, and exhibited an abrasive tone when communicating with the company's field managers.

In her affidavit, Simmons asserts that she was qualified for the promotion, states that she was never reluctant to perform additional tasks, and denies that she had an abrasive tone with field managers. Simmons states that she is unaware of having divulged any confidential information and states all employees read books or played games on the computer during their time answering the Executive Assistant's phone. Further, Simmons asserts that Chitwood did not apply for the General Office Manager position, refused to fill in for the Executive Assistant, was late to work and missed ten days of work during her probationary period, planned her wedding on the Internet, and sent e-mail jokes to other workers.

The Court will assume for purposes of summary judgment that Simmons has alleged a prima facie case. Now the burden of proof shifts to the defendant to produce legitimate, nondiscriminatory

reasons for its actions. The employer's burden at step two of the McDonnell Douglas analysis is one of production, not proof. Krenik v. County of Le Sueur, 47 F.3d 953, 958 (8th Cir. 1995); see e.g., Britton v. City of Poplar Bluff, Mo., 244 F.3d 994, 997 (8th Cir. 2001) (city's articulation of legitimate, non-discriminatory basis for terminating plaintiff's employment, its belief that she was responsible for the theft of electricity at her home, was adequate to meet its burden, despite plaintiff's challenge to the allegation). Directory Distributing's articulated reasons for not promoting plaintiff are legitimate, nondiscriminatory reasons for denial of a promotion. There is nothing discriminatory about denying a promotion to someone who does not want to take on additional tasks, spends excessive time using the company computer for non-work related reasons, discloses confidential information, or communicates poorly with other employees. Directory Distributing has therefore met its burden of production at step two.

When the prima facie case has been successfully rebutted, the presumption of discrimination disappears. Hicks, 509 U.S. at 510-11; Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328, 1334 (8th Cir. 1996) (age discrimination case). The burden then shifts back to the plaintiff to present evidence sufficient to support two findings. First, the plaintiff must present evidence which creates a fact issue as to whether the employer's proffered reasons are mere pretext. Second, she must present evidence which creates a reasonable inference that the adverse employment decision was an act of intentional age discrimination. Rothmeier, 85 F.3d at 1336-37; see Carter v. St. Louis University, 167 F.3d 398, 401 (8th Cir. 1999).

The Court finds that Simmons has not presented any evidence that creates a fact issue as to whether the employer's proffered reasons are mere pretext and which creates a reasonable inference that the adverse employment decision was an act of intentional age discrimination. Plaintiff's denial of the facts upon which the denial of promotion were based is not evidence that Directory

Distributing's stated reason was pretext. See Stuart v. General Motors Corp., 217 F.3d 621, 636 (8th Cir. 2000). (plaintiff's denial of facts upon which her termination is based is not enough to show that defendant's stated reason was pretext); Wilking v. County of Ramsey, 153 F.3d 869, 874-75 (8th Cir. 1998) (affirming summary judgment where plaintiff failed to discredit each of the employer's stated reasons for her discharge). "[U]nsubstantiated and conclusory allegations are insufficient to support an inference of [discrimination]," and "[c]onclusory affidavits, standing alone, cannot create a genuine issue of material fact precluding summary judgment." Rose-Maston v. NME Hospitals, Inc., 133 F.3d 1104, 1109 (8th Cir. 1998). Summary judgment is appropriate where there is no independent evidence, other than the nonmoving party's unsubstantiated allegations. Pony Computer, Inc. v. Equus Computer Sys. of Missouri, Inc., 162 F.3d 991, 997 (8th Cir. 1998) (citing Davenport v. Riverview Gardens School District, 30 F.3d 940, 944 (8th Cir. 1994)).

Simmons relies solely on her affidavit and deposition to substantiate her claims. She attaches her work evaluations, but they do not offer support to her claims. Directory Distributing did not state Simmons was denied the promotion based on poor evaluations or because she was a bad employee. The reason given for denial of the promotion was that she did not exhibit qualifications for the managerial position. Simmons also attaches Chitwood's time records to prove that Chitwood was late or missed work, but this also fails to show pretext because Directory Distributing did not cite tardiness and absenteeism as reasons for not selecting Simmons.

With respect to the issue of improper computer use, Directory Distributing states in the memorandum in support of its motion for summary judgment that Simmons was denied the promotion because she "had not exhibited managerial qualities during the performance of her duties," in part because she "spen[t] an excessive amount of time on the computer on non-work related matters . . . ." (Def.'s Mem. Supp. Summ. J. at 6). In response to defendant's motion, plaintiff stated

in her affidavit that Chitwood e-mailed jokes, ordered merchandise off of the Internet, and planned her wedding at work on company time. (Pl.'s Aff., ¶ 11) In its reply brief, Directory Distributing denied plaintiff's assertions concerning Chitwood's use of the computer, but added that even if plaintiff's assertions were true, it does not create a genuine issue of material fact because "[t]here is no evidence in the record Plaintiff did not receive the promotion because of her improper use of the computer." (Def.'s Reply Mem. at 6).

Defendant cannot have it both ways--either plaintiff's improper use of the computer was a factor in its decision not to offer her the promotion, or it was not. This glaring contradiction between the assertions in defendant's memoranda cannot be reconciled. Nonetheless, the Court finds that plaintiff has failed to establish the existence of a genuine issue of material fact with respect to pretext on the issue of improper computer use, because she has no independent evidence and offers only her own unsubstantiated assertion that Chitwood improperly used the computer. See Pony Computer, 162 F.3d at 997; Rose-Maston, 133 F.3d at 1109. An employee's attempt to prove pretext discrimination requires more substantial evidence than establishing a prima facie case. This is because "evidence of pretext and discrimination is viewed in light of the employer's justification. A court may therefore conclude that in light of the employer's non-discriminatory rationale, the plaintiff's evidence does not permit a reasonable inference of discrimination." Sprenger v. Federal Home Loan Bank of Des Moines, 253 F.3d 1106, 1111 (8th Cir. 2001) (internal citations omitted). Under the facts of this case, the Court concludes that plaintiff's evidence concerning Chitwood's alleged improper computer use does not permit a reasonable inference of discrimination. Because plaintiff has not shown that Directory Distributing's reasons were a pretext for age discrimination, the Court will grant summary judgment to defendant on plaintiff's age discrimination claim.

**C. Title VII Claims**

Next, the Court will examine defendant's motion for summary judgment regarding plaintiff's claims of race discrimination. Plaintiff asserts that she was not promoted because of her race. In order to establish a prima facie case in a failure-to-promote situation, "a plaintiff must show that (1) she is a member of a protected group; (2) she was qualified and applied for a promotion to an available position; (3) she was rejected; and (4) similarly situated employees, not part of the protected group, were promoted instead." Canada v. Union Electric Co., 135 F.3d 1211, 1213 (8th Cir. 1997). As with plaintiff's age discrimination claim, the Court will assume for purposes of summary judgment that plaintiff has established a prima facie case. Next, the defendant's burden is to articulate a legitimate non-discriminatory reason for its action. Directory Distributing articulated legitimate non-discriminatory reasons for failing to promote plaintiff.[1] Then, plaintiff must show that the defendant's actions were mere pretext for race discrimination. Again, plaintiff cannot meet this burden. Plaintiff asserts that her affidavit, answers to interrogatories, and her performance reviews rebut Directory Distributing's reasons for failing to promote her. As discussed previously regarding plaintiff's ADEA claim, plaintiff's unsubstantiated assertions and denial of Directory Distributing's stated reasons are not enough to create a genuine issue of material fact precluding summary judgment or create a reasonable inference the decision was based on intentional race discrimination. See Stuart, 217 F.3d at 636; Rose-Maston, 133 F.3d at 1109.

The ADEA and Title VII do not entitle courts to "sit as super-personnel departments," second-guessing the wisdom of businesses' personnel decisions. Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 781 (8th Cir. 1995); see Regel v. K-Mart Corp., 190 F.3d 876, 880 (8th Cir.

---

[1] Defendant's reasons for not hiring Simmons are the reasons previously articulated in this order in Section III-B.

1999). Rather, these statutes serve the narrow purpose of prohibiting discrimination based on certain, discreet classifications such as age or race. Therefore, the Court will grant summary judgment in favor of Directory Distributing on plaintiff's Title VII claims.

### D. MHRA

Defendants assert that plaintiff's claims under the MHRA should be dismissed because Simmons failed to obtain a right-to-sue letter from the MCHR as required by Missouri law. See MO. REV. ST. § 213.111.1. Defendants assert that plaintiff received letters from the MCHR informing her that her case would be administratively closed unless she requested a right-to-sue letter and informing her that her case was administratively closed. (Def.'s Ex. D). Plaintiff asserts that she does not recall receiving the letters and that she has elected to pursue her remedies in federal court not state court.

In Whitmore v. O'Connor Management, Inc., 156 F.3d 796, 800 (8th Cir. 1998), the Eighth Circuit held an employee's failure to obtain a right-to-sue letter from the MCHR precluded her claims under the MHRA, despite the work-sharing agreement between the MCHR and the EEOC. Simmons could have possibly cured the defect by obtaining a right-to-sue letter after filing the case, but did not do so. Whitmore, 156 F.3d at 800 (citing Perkins v. Silverstein, 939 F.2d 463, 471-72 (7th Cir. 1991)). Therefore, the Court will dismiss plaintiff's claims of age and race discrimination under the MHRA.

### E. Damages for Constructive Discharge

Finally, defendants request that the Court limit plaintiff's damages. Because the Court has granted summary judgment in defendant's favor on all claims, defendant's request is moot.

## IV. Conclusion

In conclusion for the foregoing reasons, the Court will grant defendant's motion for summary judgment on plaintiff's ADEA and Title VII claims and will dismiss plaintiff's MHRA claims.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment as to plaintiff's claims of age under the ADEA and race discrimination under Title VII is **GRANTED**. [Doc. 19]

**IT IS FURTHER ORDERED** that plaintiff's claims under the Missouri Human Rights Act are **DISMISSED**.

An appropriate judgment and order of dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 22nd day of August, 2005.